IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BITUMINOUS CASUALTY          §
CORPORATION,                 §
                             §
                 Plaintiff,  §
                             §  Civil Action No. 3:12-CV-0935-D
VS.                          §
                             §
THE TRAVELERS INDEMNITY      §
COMPANY, et al.,             §
                             §
               Defendants.   §

MEMORANDUM OPINION
AND ORDER

This is a declaratory judgment action in which an insurer maintains that another

insurer provided liability coverage for a tractor and trailer involved in a motor vehicle

accident. The insurers' cross-motions for summary judgment turn on whether the tractor and

trailer had been deleted from policy coverage prior to the accident. Concluding that they had,

the court grants defendant's motion, denies plaintiff's motion, and dismisses this lawsuit with

prejudice by judgment filed today.[1]

_____

[1]Although Frontier Mining & Materials, L.L.C. ("Frontier") is a named defendant,
plaintiff Bituminous Casualty Company ("Bituminous") states in its second amended
complaint:

> Bituminous is not seeking affirmative relief against its named
> insured, Frontier. Frontier is made a party herein because it has
> an interest in, and will be affected by, the Court's decision
> regarding the issues raised in this Declaratory Judgment lawsuit.

2d Am Compl. ¶ 16. Accordingly, consistent with its decision granting summary judgment
in favor of defendant The Travelers Indemnity Company, the court also dismisses

I

Plaintiff Bituminous Casualty Company ("Bituminous") sues defendants The Travelers Indemnity Company ("Travelers") and Frontier Mining & Materials, L.L.C. ("Frontier")[2] seeking a declaratory judgment that Travelers' insurance policy with Big D Concrete, Inc. ("Big D") (the "Policy") covers a tractor and trailer that Big D leased to Frontier, Bituminous' insured.  The tractor and trailer were involved in an accident that gave rise to an underlying state court lawsuit (the "Underlying Suit").[3]

The Policy provides liability coverage for "[a]ny 'Auto.'"  D. 12/31/12 App. 38; *see also id.* at 24.  At the time of the accident, Big D owned the tractor and trailer at issue, but it had leased them to Frontier.  The lease included four other tractors and trailers, and it required that Frontier keep the equipment "insured against all risks of loss or damage from every cause whatsoever," and to bear the entire risk of loss or damage.  *Id.* at 7-8, 13.  After Big D executed the lease, it submitted to Travelers through an agent a policy change request asking that Travelers delete these five tractors and five trailers from the Policy.  In response, Travelers issued a change endorsement ("Endorsement") that amended the Policy to delete the five tractors and five trailers from commercial automobile coverage.  The Endorsement

_____

Bituminous' action against Frontier.

[2]*See supra* note 1 regarding the suit against Frontier.

[3]The parties have stipulated to many of the facts of this case.  For any evidence that is contested, the court will set it out favorably to the summary judgment nonmovant in the context of that evidence, and draw all reasonable inferences in the nonmovant's favor.  *See, e.g., Safeco Ins. Co. of Ind. v. Hiles*, 2011 WL 3500998, at *1 n.1 (N.D. Tex. Aug. 9, 2011) (Fitzwater, C.J.).

also specified that "LIABILITY COVERAGE IS DELETED" for all ten vehicles.  *Id.* at 144.[4]

Two weeks after the Endorsement was issued, a Frontier employee, Lawrence McAdams ("McAdams"), was operating a Big D tractor and trailer in the course and scope of his employment and was involved in an accident with an automobile occupied by Bobby Hillin, Kandi Hillin, Ashlea Hillin, and Brendin Juarez (collectively, "the Hillins"). Frontier's insurer—Bituminous—retained counsel to defend Frontier and McAdams.  The Hillins sent a settlement demand letter to Bituminous for claims arising from the accident. Bituminous, in turn, sent the letter to Travelers, demanding that Travelers defend and indemnify Frontier and McAdams under the terms of the Policy with Big D.  Travelers denied coverage.  A few months later, the Hillins sent Bituminous another settlement demand letter, which it also forwarded to Travelers with a demand to defend and indemnify. Travelers again denied coverage.  Bituminous then settled the claim with the Hillins on behalf of Frontier and McAdams.  The Hillins filed a friendly suit[5] against Frontier and McAdams to obtain court approval of the settlement.

Bituminous now seeks a declaratory judgment that the tractor and trailer operated by

---

[4]The Endorsement listed all ten for deletion from "LIABILITY COVERAGE," although it listed fewer than all ten for deletion of specific types of coverage. D. 12/31/12 App. 144.

[5]A "friendly suit" is a proceeding in Texas court to secure court approval of a settlement that requires such approval, such as one involving a minor. *See, e.g., Hurtado v. Gamez*, 2012 WL 2052199, at *1 (Tex. App. June 7, 2012, pet. denied) (mem. op.); *Brightwell v. Rabeck*, 430 S.W.2d 252, 256 (Tex. Civ. App. 1968, writ ref'd n.r.e.).

McAdams are covered under the Policy, and that the Policy provides primary insurance coverage for the accident. Bituminous and Travelers agree that, because Frontier is not a named insured under the Policy, Travelers is only liable if the tractor and trailer were covered "autos" and their use at the time of the accident was permissible. *See* D. 12/31/12 App. 39 ("The following are 'insureds': a. You for any covered 'auto'. b. Anyone else while using with permission a covered 'auto' you own[.]").

At the parties' request, the court has divided this lawsuit into two phases. Phase 1 addresses interpretation of the Policy and priority of coverage. Phase 2, if reached, would decide additional issues that arise as a result of the court's decision in phase 1.

Bituminous moves for summary judgment, maintaining that the Policy provides primary coverage for the tractor and trailer, and that Frontier and McAdams were permissive users of the tractor and trailer at the time of the accident. Travelers moves for summary judgment on three grounds: (1) the tractor and trailer are not covered "autos" because the Endorsement eliminated them from coverage; (2) Frontier and McAdams were not permissive users; and (3) regardless of liability under the Policy, it had no duty to defend because the Underlying Suit was never tendered to Travelers.

II

A

It is undisputed that Texas law applies in this case. In Texas, insurance policies are interpreted according to the general rules of contract construction. *Vought Aircraft Indus., Inc. v. Falvey Cargo Underwriting, LTD.*, 729 F.Supp.2d 814, 823 (N.D. Tex. 2010)

(Fitzwater, C.J.) (citing *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)). The court's "'primary concern is to ascertain the parties' intent as expressed in the language of the policy.'" *Id.* (quoting *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005)). Courts "must read all parts of the contract together, giving effect to each word, clause, and sentence, and avoid making any provision within the policy inoperative." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). "When a contract is worded so that it can be given a definite meaning, it is unambiguous and a judge must construe it as a matter of law." *Vought Aircraft*, 729 F.Supp.2d at 823 (quoting *Int'l Ins.*, 426 F.3d at 291) (internal quotation marks omitted). But if "a contract is susceptible to more than one reasonable interpretation" it is ambiguous and "the court will resolve any ambiguity in favor of coverage." *Id.* (quoting *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008)) (brackets omitted). "Whether an insurance contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered." *Int'l Ins.*, 426 F.3d at 291 (citing *Kelley-Coppedge*, 980 S.W.2d at 464). "While parol evidence of the parties' intent is not admissible to create an ambiguity, the contract may be read in light of the surrounding circumstances to determine whether an ambiguity exists." *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998) (citation omitted); *see also SA-OMAX 2007, L.P. v. Certain Underwriters at Lloyd's, London*, 374 S.W.3d 594, 598 (Tex. App. 2012, no pet.)

Where, as here, there is an endorsement to the policy, the "insurance policy and its endorsements should be construed together unless they are so much in conflict they cannot

be reconciled.  In that case, endorsements to a policy generally supersede and control over conflicting printed terms within the main policy." *TIG Ins. Co. v. N. Am. Van Lines, Inc.*, 170 S.W.3d 264, 271 (Tex. App. 2005, no pet.) (citation omitted); *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 558 (5th Cir. 2004) ("[A]dded provisions will supersede the previous policy terms to the extent they are truly in conflict." (citation omitted)).

## B

The parties' summary judgment burdens depend on whether they are addressing a claim or defense for which they will have the burden of proof at trial.  Bituminous bears the burden of proof here because its declaratory judgment action seeks affirmative relief.  *See Colony Ins. Co. v. Price*, 2013 WL 1155422, at *1 (N.D. Tex. Mar. 21, 2013) (Fitzwater, C.J.) (citing *Berthelot v. Brinkmann*, 322 S.W.3d 365, 369 (Tex. App. 2010, pet. denied)). Therefore, to be entitled to summary judgment, Bituminous "must establish 'beyond peradventure all of the essential elements of the claim[.]'"  *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  The court has noted that "the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.).

Because Travelers is moving for summary judgment on grounds for which it will not bear the burden of proof at trial, it is only obligated to point to the absence of evidence of one essential element of Bituminous' claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986).  Once Travelers does so, Bituminous must go beyond its pleadings and designate specific facts demonstrating that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Bituminous' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Bituminous' failure to produce proof as to any essential element renders all other facts immaterial.  *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Bituminous fails to meet this burden.  *Little*, 37 F.3d at 1076.

### III

The court first addresses whether the tractor and trailer involved in the accident were covered "autos" under the Policy.

### A

The Policy identifies autos that are covered by liability insurance by using the "COVERED AUTO SYMBOL" "1."  D. 12/31/12 App. 24; *see also id.* ("Coverage applies only to those Autos shown as Covered Autos by entry of one or more Symbols from SECTION 1 - Covered Auto of the Business Auto Coverage Form shown below[.]").  The Policy's "BUSINESS AUTO COVERAGE FORM" defines Symbol "1" as "Any 'Auto.'" *Id.* at 38.  The declarations and the Business Auto Coverage Form comprise the Policy's "Commercial Automobile Coverage Part."   *Id.* at 24 ("The Commercial Automobile Coverage Part consists of these Declarations and the Business Auto Coverage Form shown

- 7 -

below.").

Big D leased five tractors and five trailers to Frontier pursuant to an equipment lease that required Frontier to insure the vehicles and bear all risk of damage or loss.  Big D then requested that Travelers delete these five tractors and five trailers from the Policy.  Travelers issued the Endorsement, which provides, in pertinent part:

> THIS INSURANCE IS AMENDED AS FOLLOWS:
> THE COMMERCIAL AUTOMOBILE COVERAGE PART IS AMENDED AS FOLLOWS:
>> DELETE VEHICLE NUMBER(S) [list of the five tractors and trailers subject to the equipment lease with Frontier]
>>
>> LIABILITY COVERAGE IS DELETED AS PER ATTACHED SCHEDULE FOR VEHICLE NUMBER(S): [list of same five tractors and trailers]

D. 12/31/12 App. 144 (bracketed material added); *see id.* at 13-14 (Big D lease to Frontier) (listing leased tractors and trailers).

## B

Bituminous maintains that the Endorsement did not remove liability coverage for the five tractors and trailers because it did not expressly amend either the Policy's declaration that liability coverage applies to Symbol "1" vehicles or the Business Auto Coverage Form's definition of Symbol "1" as "Any 'Auto.'"  Because neither Big D's policy change request nor the Endorsement mentions Symbol "1" or its definition, Bituminous contends that liability coverage continues to apply to Symbol "1" vehicles, and that Symbol "1" still means "Any 'Auto.'"  Bituminous acknowledges that the Endorsement deleted the five tractors and

trailers from the Policy, but it maintains that the Endorsement merely deleted the premiums charged on the vehicles instead of also removing them from liability coverage. Bituminous asserts that because the definition "Any 'Auto'" has no qualifications, liability coverage continues to apply regardless whether a vehicle was deleted from the Policy or whether a premium is still being charged. It proposes that, to remove liability coverage, it was necessary for the Endorsement to change the definition of Symbol "1" or change the declaration page's symbol for liability coverage to a more-limited symbol, such as Symbol "7," which means "Specifically Described 'Autos.'" D. 12/31/12 App. 38. Under Bituminous' proposed interpretation, the Endorsement and the remainder of the Policy are either consistent (if the Endorsement merely removed the vehicles' premiums) or at least create an ambiguity that, according to Texas law, must be resolved in favor of coverage.

Travelers responds that the Endorsement expressly amends the Policy to delete liability coverage for the five tractors and trailers, and thus in effect changes the definition of Symbol "1" to mean "any auto except the deleted vehicles listed in the endorsement." Alternatively, Travelers maintains that, if the Policy and Endorsement cannot be reconciled into a consistent whole, an endorsement that conflicts with a policy term prevails, and thus the Endorsement still deleted liability coverage for the listed vehicles.

C

The court holds that the Endorsement unambiguously deleted liability coverage for the listed tractors and trailers, and thus the tractor and trailer involved in the accident were not covered autos. The Endorsement expressly provides that "LIABILITY COVERAGE IS

DELETED AS PER ATTACHED SCHEDULE" for the listed tractors and trailers.  D.

12/31/12 App. 144.    And it specifies that it is amending the "COMMERCIAL

AUTOMOBILE COVERAGE PART," *see id.*, which consists of the declarations page that

states that liability coverage applies to Symbol "1" vehicles, and of the Business Auto

Coverage Form that defines Symbol "1," *see id.* at 24.   Construing the Policy and the

Endorsement together, as it must, the court holds that they can be reconciled to mean that

liability coverage applies to any Symbol "1" auto except the ones for which liability coverage

was specifically deleted by the Endorsement.[6]

      The court declines to adopt Bituminous' interpretation of the Endorsement—that it

merely deleted the premiums for the listed vehicles—at least because this interpretation fails

to account for the provision in the Endorsement that states that "LIABILITY COVERAGE

IS DELETED AS PER ATTACHED SCHEDULE."  *Cf. Valence Operating Co. v. Dorsett*,

164 S.W.3d 656, 662 (Tex. 2005) (stating that courts should "consider the entire writing in

an effort to harmonize and give effect to all the provisions of the contract so that none will

be rendered meaningless").

      Bituminous contends that, although Travelers may have intended to terminate liability

coverage, the failure to specifically amend Symbol "1" creates an ambiguity.  There is no

ambiguity here because the Policy and Endorsement are not susceptible to more than one

---

[6]Even if not consistent, the Endorsement's explicit deletion of liability coverage conflicts with Symbol "1"'s definition, and thus would supersede it. *See Primrose Operating Co.*, 382 F.3d at 558.

reasonable interpretation.  The Endorsement expressly states that "LIABILITY COVERAGE IS DELETED AS PER ATTACHED SCHEDULE."   To the extent there is a conflict between Symbol "1"'s broad definition of "Any 'Auto'" and the Endorsement's deletion of five tractors and trailers, the Endorsement supersedes the Policy.  *See TIG Ins. Co.*, 170 S.W.3d at 271.

Bituminous cites no authority that supports its proposition that the Endorsement needed to specify that it was amending Symbol "1."   In fact, the case Bituminous cites, *Acadia Insurance Co. v. American Crushing & Recycling, LLC*, 475 F.Supp.2d 168 (D. Conn. 2007), approved the same interpretation the court applies here.  In *Acadia Insurance* the policy stated that Symbol "1" vehicles had liability coverage, and defined Symbol "1" as "any auto."  *Id.* at 172.  But the insurer had issued a suspension of insurance that stated that liability coverage was deleted for the vehicle at issue.  The insured raised Bituminous' argument that liability coverage applied despite the suspension of insurance because Symbol "1" was still defined in the policy as "any auto."  *See id.*  The court rejected this argument, holding that "[w]hile the original policy indicated that 'covered autos' falling within 'symbol 1,' defined as 'any auto,' had liability coverage, . . . [the suspension of insurance] clearly reflects suspension of liability coverage over the Vehicle."  *Id.*

The  circumstances  surrounding  the  Endorsement  further  support  Travelers' interpretation.[7]  Big D requested the policy change for the five tractors and trailers it leased

_____

[7]Bituminous objects to using the surrounding circumstances as a tool for interpretation, but its use is well established in Texas.  *See SA-OMAX 2007*, 374 S.W.3d at

to Frontier.  The lease required Frontier to insure the vehicles and bear the risk of loss.  Big D likely asked Travelers to delete the five tractors and trailers from liability coverage because it was no longer necessary that Big D bear this expense.  The Endorsement also had the effect of returning $3,847.00 in premiums to Big D, which further indicates that the Endorsement was intended to remove the vehicles from coverage.  These circumstances surrounding the Endorsement corroborate that the intent of Big D and Travelers was to remove the listed vehicles from liability coverage.

Accordingly, Bituminous has failed to demonstrate that the tractor and trailer operated by McAdams on the occasion in question were covered under the Policy between Travelers and Big D.  The tractor and trailer had been deleted from liability coverage and therefore were not "covered autos" at the time of the accident.

IV

Because the court holds that the tractor and trailer were not covered autos, it need not reach Travelers' other grounds for summary judgment.  Travelers is entitled to summary judgment holding that the tractor and trailer involved in the Underlying Suit were not covered under the Policy.  And because Bituminous' motion for summary judgment relies on the premise that the tractor and trailer were covered autos, its motion is denied.[8]

---

598; *see also Colum. Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 591 (Tex. 1996) (considering business conditions at time of contract formation and reasoning that "[i]t is inconceivable that the parties intended such a perverse result in this contract").

[8]After filing an appendix to its reply brief without leave of court, Bituminous filed a motion for leave.  The reply appendix introduces evidence relevant to the permissive-use

\* \* \*

For the reasons set out, the court grants Travelers' motion for summary judgment, denies Bituminous' motion for summary judgment, and dismisses this lawsuit with prejudice by judgment filed today.

**SO ORDERED.**

April 22, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

issue, which the court need not reach in deciding the parties' cross-motions for summary judgment.  Therefore, the court denies as moot Bituminous' motion for leave to file a reply appendix.